**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FOLEY & LARDNER LLP, a limited liability partnership,

Plaintiff,

vs.

NIKESH AJAY PATEL, an individual, TIMOTHY GLENN FISHER, an individual, TRISHA N. PATEL, an individual, FIRST FARMERS FINANCIAL, LLC, a Florida Limited Liability Company, ALENA HOSPITALITY, LLC, a Florida limited liability company, ALENA LABORATORIES, LLC, a Florida limited liability company, ALENA AVIATION, LLC, a Florida limited liability company, ABLE CONNECTION, LLC, a Florida limited liability company, NPSS, LLC is a Florida limited liability company, KUBER CAPITAL FUNDING, LLC, a Florida limited liability company, KUBER CONSULTING, a Florida limited liability company, SURI HOSPITALITY LLC, a Florida limited liability company, SURI HOSPITALITY INTERNATIONAL, LLC, a Florida limited liability company, TRANSLUCENT ENTERTAINMENT, LLC, a California limited liability company, ALENA PRODUCTION, LLC, a Florida limited liability company, ASL PICTURES, LLC, is a Florida limited liability company, ANKUR PATEL, an individual, PINU PATEL, an individual, PATEL CONSTRUCTION, LLC, a Louisiana Limited Liability Company, and PATRICK D. CAVANAUGH, an individual, solely in his capacity as Receiver,

Defendants.

Case No. 15-cv-05912
Hon. Charles R. Norgle

**MOTION TO REASSIGN BASED ON RELATEDNESS**

NOW COMES THE PLAINTIFF, Foley & Larder, LLP ("Foley") by and through its counsel, Foley & Lardner LLP, and moves this Court to reassign the above captioned case, *Foley & Lardner, LLP v. Nikesh Patel, et al.* (the "Interpleader Action") to be heard with *Pennant Management, Inc. v. First Farmers Financial, LLC et al.*, Case No. 14-cv-07581 (the "Underlying Matter") because they are related pursuant to Local Rule 40.4. In support of this motion, Foley states as follows:

1. In order to have a case reassigned pursuant to Local Rule 40.4, a party must satisfy one or more of the relatedness definitions under Local Rule 40.4(a) and all four conditions for reassignment under Rule 40.4(b).

2. Rule 40.4(a) provides that two or more civil cases may be related if 1) the cases involve the same property; 2) the cases involve some of the same issues of fact or law; 3) the cases grow out of the same transaction or occurrence; or 4) in class action suits, one or more of the classes involved in the cases is or are the same. Rule 40.4(b) provides that a case may be reassigned if 1) both cases are pending in this Court; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding.

3. The decision to treat cases as related and reassign them pursuant to the local rule is a matter within the Court's discretion. *Teacher's Retirement Sys. of Louisiana v. Black*, No. 04 C 834, 2004 U.S. Dist. LEXIS 10259 (N.D. Ill. June 3, 2004) at *5.

**THE CASES MEET THE DEFINITION OF RELATED**

4. Local Rule 40.4(a)(2) and (3) provides that cases may be considered related if "the cases involve some of the same issues of fact or law" or if they "grow out of the same transaction or occurrence."

5. The Interpleader Action brought by Foley in the Interpleader Action relates to the Underlying Matter as it arises out of the circumstances of Foley's representation of certain defendants in the Underlying Matter. A true and correct copy of the First Amended Complaint in the Underlying Matter is attached as Exhibit A.

6. The Interpleader Action involves the proper distribution of $375,000.00, currently held in Foley's trust account, in light of competing claims made by the various defendants in the Interpleader Action (the "Claimants"). The Claimants include parties in the Underlying Matter.

7. Properly determining the distribution of the funds in Foley's trust account will require the court to consider facts and legal issues in the Underlying Matter.

**THE CASES SHOULD BE REASSIGNED BECAUSE ALL FOUR CONDITIONS IN THE LOCAL RULE ARE MET**

8. The cases at issue meet the first requirement of the Local Rule, as both cases are currently pending in the Northern District of Illinois.

9. The cases also meet the second requirement, that the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. As described previously, the actions primarily involve activities related to the Underlying Matter. Many of the Claimants in the Interpleader Action have conflicting claims based on the allegations in the Underlying Matter. Further, the determination of underlying issues of fact and law in the

Underlying Matter will largely determine distribution of the funds in Foley's trust account in the Interpleader Action.

10. Where cases are closely related, it saves resources to have them all determined by a single judge. *Teacher's Retirement Sys.*, 2004 U.S. Dist. LEXIS 10259 at *7 (cases related and reassigned where each complaint asserts that a nearly identical set of defendants violated federal securities laws based on same facts and circumstances).

11. These cases also satisfy the third condition for reassignment, that the earliest case has not progressed to the point where designating a later filed case as related would substantially delay the proceedings in the earlier case. Pennant filed its First Amended Complaint in the Underlying Matter on November 13, 2014. (Case No. 14-cv-07581, Dkt. 30) On June 26, 2015, the court granted an order in the Underlying Matter allowing Foley to withdraw as counsel for Defendants Nikesh Patel, First Farmers Financial, Alena Hospitality, Alena Laboratories, and Alena Aviation. (Case No. 14-cv-07581, Dkt 166). Given that Foley's motion to withdraw was only recently granted, relating the Interpleader Action would not delay proceedings in the Underlying Matter.

12. The local rule generally recommends that a motion to reassign not be filed until an answer has been filed, but that recommendation is a guideline and is not absolute. *Freeman v. Bogusiewicz*, Case No. 03 C 2908, 2004 U.S. Dist. LEXIS 15723 (N.D. Ill. Aug. 11, 2004) at *3-4 (determining motion for relatedness and reassignment proper prior to answer to either complaint). In this case, the relief sought by Foley in its complaint in the Interpleader Action does not require the court to ultimately determine what parties are to receive distributions of the

funds in Foley's trust account. Instead, the Court must determine only whether Foley has adequately pled the requirements of 28 U.S.C. § 1335.

13. Finally, these cases are susceptible to disposition in a single proceeding and satisfy the final requirement of Local Rule 40.4(b). Where there are common issues of both fact and law, cases are considered to satisfy the rule. *Jaffe v. Household Int'l, Inc.*, Case 02 C 5893, 2003 U.S. Dist. LEXIS 7466 (N.D. Ill. May 5, 2003) at *7-8. Where, as here, the cases "originate from the same core of facts, it is clear that they are susceptible of disposition in a single proceeding." *Teacher's Retirement Sys.*, 2004 U.S. Dist. LEXIS 10259 at *8.

**CONCLUSION**

For the foregoing reasons, Foley respectfully requests that this Court deem the complaints in cases 14-cv-07581 and 15-cv-05912 to be related and that the Interpleader Action be reassigned to the Underlying Matter in accordance with Local Rule 40.4.

Respectfully submitted,

Dated: July 8, 2015

/s Ehren M. Fournier
WILLIAM J. MCKENNA
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone (312) 832-4541
Facsimile (312) 832-4700
Email wmckenna @ foley.com

Ehren M. Fournier
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone (312) 832-4371
Facsimile (312) 832-4700
Email efournier @ foley.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Ehren M. Fournier an attorney certified upon penalty of perjury, state that I have caused a copy of the foregoing to be served via this Court's ECF filing system upon all registered ECF filers who have filed appearances in this matter.

/s Ehren M. Fournier

Ehren M. Fournier
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone (312) 832-4371
Facsimile (312) 832-4700
Email efournier @ foley.com